# EXHIBIT 3

**Federal Independent Dispute Resolution (IDR) Technical Assistance for Certified IDR Entities and Disputing Parties**
**June 2025**


**Topic: Errors Identified After Dispute Closure**


**Purpose:**
The Departments of Health and Human Services (HHS), Labor, and the Treasury (collectively, the Departments) categorized three types of errors—clerical, jurisdictional, and procedural—that a certified Independent Dispute Resolution (IDR) entity may make, but is not identified until after a dispute is closed. These types of errors should be corrected by reopening a closed dispute to ensure the results of the Federal IDR process are aligned with the No Surprises Act (NSA) and that a certified IDR entity complies with the NSA and its implementing regulations. This Technical Assistance (TA) defines these types of errors and contains process guidelines to better ensure the efficient and logical correction of the certified IDR entity's errors, including when a closed dispute resulted in a payment determination.[1] It is intended only to provide clarity to the public regarding the Departments' process under their existing authority to establish an IDR process aligned with statutory and regulatory requirements. This TA is not intended to have the force of law or to impose substantive requirements on parties to the Federal IDR process or on certified IDR entities. It includes a general description of agency policy and sets forth operational guidance to the certified IDR entities.

Based on feedback from certified IDR entities and disputing parties, the Departments have determined that a process for reopening disputes to correct errors identified after dispute closure is needed to support disputing parties and certified IDR entities, and to ensure program integrity. This TA provides guidance to disputing parties and certified IDR entities on the error correction process and clarifies how certified IDR entities should treat three categories of errors identified after dispute closure. Specifically, this TA:
- Provides definitions and examples of the three categories of errors that may be corrected after dispute closure: (1) clerical, (2) jurisdictional, and (3) procedural;
- Includes instructions on correcting such errors;
- Clarifies the impact of a corrected error on the administrative and certified IDR entity fees; and
- Identifies types and examples of errors that may not be corrected after dispute closure.

To reduce errors, the Departments continue to strongly encourage certified IDR entities to have robust quality assurance (QA) programs to verify dispute eligibility and review payment determinations before transmitting determinations to disputing parties and/or closing disputes. A certified IDR entity that does not maintain an adequate QA process may be determined to not be

---

[1] Under section 9816(c)(5)(e) of the Internal Revenue Code (Code), section 716(c)(5)(E) of the Employee Retirement Income Security Act (ERISA), and section 2799A-1(c)(5)(E) of the Public Health Service Act (PHS Act), IDR payment determinations are generally binding, absent a claim of fraud or misrepresentation of facts, and are subject to judicial review only in limited circumstances described in 9 USC § 10(a).

1

fit or qualified to make determinations under the Federal IDR process.[2] The Departments will continue to monitor the volume of errors and emphasize that the certified IDR entities are responsible for ensuring that eligibility and payment determinations are accurate. This TA applies to requests to reopen closed disputes received by the Departments:

- On or after **June 6, 2025**; and
- Prior to **June 6, 2025**, but to which the Departments had not responded prior to **June 6, 2025**.

Eligible requests will be evaluated by the Departments in accordance with this TA document. Requests to reopen disputes that the Departments denied prior to **June 6, 2025** should not be resubmitted for reconsideration as they will not undergo additional review. This TA provides a streamlined approach to the requests to reopen closed disputes and ensures the process of correcting errors is uniform and consistent from publication of this TA onward.

**Categories of Errors that Certified IDR Entities May Submit for Reopening and Correction After Dispute Closure:**

**Category 1: Clerical Error**

The Departments define a clerical error as a typographical (typo), computational (user) error, or IT systems error impacting the operation or use of the Federal IDR portal made by the certified IDR entity while performing administrative tasks or functions that do not involve the certified IDR entity's discretion, judgment, or expertise.

Examples of clerical errors include, but are not limited to, the following:

1. Based on the documentation provided by the disputing parties, a certified IDR entity determines that the initiating party will be the prevailing party to a dispute. However, the certified IDR entity mistakenly selects the non-initiating party when identifying the prevailing party in the payment determination.

   If the Departments approve the request to reopen the dispute, the certified IDR entity should rescind the original payment determination and issue a new one in favor of the initiating party, which will supersede the payment determination made in error.

2. When issuing a payment determination, the certified IDR entity mistakenly fails to upload the required documentation that one or both disputing parties submitted to the Federal IDR portal. The certified IDR entity appropriately considered the information included in this documentation when rendering the payment determination but did not upload the documentation to the Federal IDR portal.

---

[2] 26 CFR 54.9816–8T(e)(6)(ii)(G), 29 CFR 2590.716-8(e)(6)(ii)(G), 45 CFR 149.510(e)(6)(ii)(G).

If the Departments approve the request to reopen the dispute, the certified IDR entity should re-issue the payment determination that has been corrected to include the previously omitted documentation.

3. When issuing a payment determination, the certified IDR entity makes a typo in the summary section of the payment determination by misspelling a party's name.

   If the Departments approve the request to reopen the dispute, the certified IDR entity should re-issue the payment determination reflecting the appropriate spelling.

4. When a disputing party receives a link from the Federal IDR portal to make an offer, the link is broken and cannot be accessed, and therefore an offer cannot be made in a timely manner.

   If the Departments approve the request to reopen the dispute, the certified IDR entity should proceed with the Federal IDR process.

## Category 2: Jurisdictional Error

The Departments define a jurisdictional error as a situation when the certified IDR entity incorrectly determines that an item or service either is or is not a qualified IDR item or service eligible for the Federal IDR process under the requirements of the NSA.

Examples of jurisdictional errors include, but are not limited to, situations where the eligibility of the item or service was incorrectly determined based on the following considerations:

1. Whether it relates to an item or service furnished during a plan year beginning prior to January 1, 2022;

2. Whether it is subject to an All-Payer Model Agreement under section 1115A of the Social Security Act or a specified State law;

3. Whether it relates to an item or service payable by Medicare, Medicaid, CHIP, or TRICARE, Indian Health Service, Veterans Affairs Health Care, short-term limited duration insurance, or excepted benefits;

4. Whether it is furnished by a participating provider, a participating facility, or a participating provider of air ambulance services; or

5. Whether it would not have been covered in-network by the health plan or issuer.

The Departments have determined that jurisdictional errors should be corrected by reopening a dispute to ensure compliance with the NSA's requirements. If the Departments approve the request to reopen the dispute, the certified IDR entity should rescind the payment determination, correct the eligibility determination (to reverse a determination of eligibility), communicate to the disputing parties the change to the eligibility determination, refund or invoice the certified

3

IDR entity fees as appropriate, and send the resulting eligibility determination to the disputing parties.

## Category 3: Procedural Error

The Departments define a procedural error as a situation when the certified IDR entity incorrectly determines the eligibility of an item or service for the Federal IDR process or incorrectly makes a determination because a disputing party satisfied, or failed to satisfy, a required procedural step to engage in the Federal IDR process, such as submitting required documentation or timely completion of a step in the process.

Examples of procedural errors include, but are not limited to, the following:

1.  The certified IDR entity renders a payment determination for a dispute in which the initiating party failed to timely furnish the notice of initiation to the non-initiating party.

    If the Departments approve the request to reopen the dispute, the certified IDR entity should rescind the payment determination and update the eligibility determination to reflect that the dispute is ineligible for the Federal IDR process, close the dispute, and return the certified IDR entity fees, as applicable.

2.  The certified IDR entity determines a dispute is ineligible for the Federal IDR process, believing the initiating party initiated the Federal IDR process before the open negotiation period expired when the party's initiation was, in fact, timely.

    If the Departments approve the request to reopen the dispute, the certified IDR entity should update the eligibility determination to reflect that the dispute is eligible and proceed with the Federal IDR process.

3.  The certified IDR entity renders a payment determination for a dispute but did not evaluate documentation received from a party that the dispute was subject to the 90-day cooling off period at the time of IDR initiation.

    If the Departments approve the request to reopen the dispute, the certified IDR entity should rescind the payment determination and update the eligibility determination to reflect that the dispute is ineligible for the Federal IDR process, close the dispute, and return the certified IDR entity fees, as applicable. The initiating party may request an extension of time from the Departments to initiate the open negotiation period.

4.  The certified IDR entity renders a payment determination on an item or service that has already received a payment determination through the Federal IDR process, either by the same or different certified IDR entity.

4

If the Departments approve the request to reopen the dispute, the certified IDR entity should rescind the second payment determination and update the eligibility determination to reflect that the dispute is ineligible for the Federal IDR process, close the dispute, and return the certified IDR entity fees for the second payment determination, as applicable.

5.  Both parties requested to withdraw a dispute in a timely manner, but the certified IDR entity issued a payment determination before realizing the dispute was requested to be withdrawn.

    If the request to reopen the dispute is approved by the Departments, the certified IDR entity should complete the withdrawal of the dispute, retaining only half of the certified IDR entity fee from each party.[3]

6.  The certified IDR entity does not realize it has received an offer and/or fees from one of the disputing parties in a timely manner and incorrectly issues a default judgment in favor of the other disputing party.

If the Departments approve the request to reopen the dispute, the certified IDR entity should rescind the default judgment and review the dispute, considering the offers and information submitted by both parties and issue a new, corrected payment determination, which will supersede the default judgment.

The Departments have determined that procedural errors should be corrected by reopening a dispute to ensure compliance with the NSA's requirements. If the Departments approve the request to reopen the dispute, the certified IDR entity should rescind the payment determination (if applicable), correct the eligibility determination (to reverse a determination of eligibility or ineligibility), communicate to the disputing parties the change to the eligibility determination, refund or invoice the certified IDR entity fees as appropriate, send the resulting eligibility determination to the disputing parties, and continue the Federal IDR process (if applicable).

**Process of Reopening a Closed Dispute for Clerical, Jurisdictional, or Procedural Errors:**
A disputing party, the certified IDR entity, or the Departments may initiate the process for correcting a clerical, jurisdictional, or procedural error after dispute closure.

If a disputing party identifies an error after the certified IDR entity closes the dispute, one or both parties should report the error as soon as possible to the relevant certified IDR entity, which should validate the reported error by confirming its existence and that it falls into one of the three categories defined above. The certified IDR entity should then report the error to the Departments as soon as possible by submitting a request to reopen the closed dispute via the Federal IDR portal. If the Departments determine that the error is a clerical, jurisdictional, or procedural error, they will approve the reopening of the dispute in the Federal IDR portal, which will allow the certified IDR entity to make the appropriate adjustment to the dispute and/or

---

[3] 26 CFR 54.9816-8T(c)(2)(ii), 29 CFR 2590.716-8(c)(2)(ii), and 45 CFR 149.510(c)(2)(ii).

reissue the payment determination to both parties, as appropriate. Failure to promptly report errors to the Departments will result in processing delays. Disputing parties may lodge a complaint against the certified IDR entity if the certified IDR entity does not act on an error that falls into one of the three categories.[4]

If a certified IDR entity identifies an error after closing a dispute, it should submit a request to the Departments to reopen the closed dispute via the Federal IDR portal. If the Departments identify an error after a certified IDR entity closes a dispute, they will notify the certified IDR entity of the error, reopen the closed dispute, and instruct the certified IDR entity to correct the error.

The Departments recognize that the correction of an error could impact the amounts to be paid to the prevailing party or which party prevails in the dispute. Furthermore, the Departments recognize that the rescission of the original payment determination and issuance of a new payment determination impacts the deadline by which payments must be made under 26 CFR 54.9816–8T(c)(4)(ix), 29 CFR 2590.716-8(c)(4)(ix), and 45 CFR 149.510(c)(4)(ix), which is not later than 30-calendar days after a payment determination. If a payment determination is rescinded and reissued, the applicable party is no longer required to make a timely payment based on the withdrawn payment determination. Instead, a new 30-calendar-day period begins on the date the certified IDR entity issues a new binding payment determination following correction of a clerical, jurisdictional, or procedural error. The Departments will consider a party to be in compliance with 26 CFR 54.9816–8T(c)(4)(ix), 29 CFR 2590.716-8(c)(4)(ix), and 45 CFR 149.510(c)(4)(ix) if it makes the appropriate payment amount to the prevailing party within this time period.

Additionally, prior to the date on which the Departments reopen a closed dispute via the Federal IDR portal due to one of the categories of errors described in this TA, the applicable party remains subject to the requirement to pay the other party the applicable amount within 30 calendar days of the original payment determination, regardless of whether a request to reopen a closed dispute has been filed. If a payment determination is rescinded and is not replaced by a new payment determination, but rather, the dispute is closed as ineligible, the payment requirement associated with the rescinded determination is void.

The Departments expect that as soon as a dispute is closed following a correction, certified IDR entities will timely communicate any change to the dispute, such as a corrected payment or eligibility determination, and the appropriate next steps to both disputing parties and the Departments.

**Administrative and Certified IDR Entity Fees:**
The correction of an error does not change the requirement for both disputing parties to pay the administrative fee for all disputes for which a certified IDR entity is selected, including disputes where the certified IDR entity determines that the item(s) or service(s) under dispute are not

---

[4] Complaints against certified IDR entities may be submitted to the FederalIDRQuestions@cms.hhs.gov.

eligible for the Federal IDR process. With respect to the certified IDR entity fee, if the correction of an error reverses a determination that a dispute was or was not eligible for the Federal IDR process, the certified IDR entity must either refund or invoice the parties for the certified IDR entity fee as appropriate for the resulting eligibility determination.[5]

**Denial of Request to Reopen a Closed Dispute:**
The Departments will deny a request to reopen a dispute to correct an error identified after dispute closure if they determine that it is not a clerical, jurisdictional, or procedural error. In general, the Departments will deny a reopening request if the reopening would require the certified IDR entity to reconsider the factors described in 26 CFR 54.9816–8(c)(4)(iii), 29 CFR 2590.716-8(c)(4)(iii), and 45 CFR 149.510(c)(4)(iii). Additionally, the Departments will deny a request to reopen a dispute to correct a clerical, jurisdictional, or procedural error made by a disputing party, rather than the certified IDR entity.

Examples of a request to reopen a dispute that will be denied by the Departments include, but are not limited to, the following:

1. The certified IDR entity requests to reopen a closed dispute to reconsider its payment determination based on information it initially failed to consider, such as a document submitted by a disputing party containing information on the acuity of the participant receiving the qualified IDR item or service.

2. After a payment determination is issued, the certified IDR entity receives notification that the prevailing party made a typo in its offer, resulting in the party's actual offer amount differing from its intended offer amount. For example, the prevailing party submitted an offer of $1,000 but intended the offer amount to be $10,000.[6]

---

[5]As required by section 9816(c)(8)(A) of the Code, section 716(c)(8)(A) of ERISA, and section 2799A-1(c)(8)(A) of the PHS Act and 26 CFR 54.9816-8(d)(2), 29 CFR 2590.716-8(d)(2), and 45 CFR 149.510(d)(2), and as explained in the interim final rules titled, Requirements Related to Surprise Billing; Part II (published on October 7, 2021), each party to a determination for which a certified IDR entity is selected must, at the time the certified IDR entity is selected, pay to the certified IDR entity a non-refundable administrative fee due to the Secretary. Because the Departments expect that a large part of the expenditures in carrying out the Federal IDR process will come from the initiation of the Federal IDR process, the Departments will have incurred expenditures in instances in which the parties reach an agreement before the certified IDR entity makes a determination or in which the certified IDR entity determines that the dispute does not qualify for the Federal IDR process, and thus, it is appropriate that the parties should still be expected to pay the administrative fee for ineligible disputes. Therefore, if the correction of an error alters the eligibility determination of a dispute, both parties to a dispute must still pay an administrative fee.
[6] The Departments emphasize the importance of disputing parties ensuring accuracy in their Notice of Offer submissions to prevent such an error from occurring.

7